833 F.2d 1023
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Bill M. FERRIS, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 87-1411.
 United States Court of Appeals, Federal Circuit.
 Oct. 13, 1987.
 
 Before EDWARD S. SMITH, NIES and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Bill M. Ferris (Ferris) appeals from the order of the United States Claims Court in Ferris v. United States, No. 320-87C (Cl.Ct. June 4, 1987) (Harkins, S.J.) (Ferris III ), dismissing Ferris' complaint on grounds that his wrongful discharge claim previously had been considered by the Claims Court in Ferris v. United States, No. 284-85C (Cl.Ct. May 16, 1985) (Mayer, J.) (Ferris I ). We affirm.
 
 OPINION
 
 2
 This appeal grows out of the third suit initiated by Ferris in the Claims Court subsequent to the April 18, 1984, action of the Naval Discharge Review Board resulting in a change to Ferris' naval discharge record. In his first suit, Ferris I, Ferris' wrongful discharge claim was dismissed by the Claims Court on grounds that the claim was jurisdictionally barred by the statute of limitations.
 
 
 3
 Without appealing to this court the Claims Court's decision in Ferris I, Ferris filed a second complaint in the Claims Court alleging that his discharge by the Navy for unsuitability was improper. Ferris v. United States, No. 405-85C (Cl.Ct. January 29, 1986) (Yannello, J.) (Ferris II ). The Claims Court, in dismissing the complaint in Ferris II, held that the doctrine of res judicata (claim preclusion) applied to bar Ferris' suit because both the same parties and the same claim were before the Claims Court in Ferris II as were before the Claims Court in Ferris I and the arguments asserted in Ferris II either were or should have been presented in Ferris I.
 
 
 4
 Although Ferris did not appeal the Claims Court's decision in Ferris I, Ferris did appeal the Claims Court's decision in Ferris II. We affirmed that decision by holding that Ferris' arguments on appeal, which arguments in effect were directed at the Claims Court's decision in Ferris I, should have been asserted in an appeal to this court from the decision of the Claims Court in Ferris I. Ferris v. United States, No. 86-959 (Fed.Cir. July 11, 1986).
 
 
 5
 The present action on appeal resulted from Ferris' third wrongful discharge claim in the Claims Court, which claim was brought following the letter ruling by the Board for Correction of Naval Records, dated May 4, 1987, that denied Ferris any relief. The Claims Court dismissed Ferris' third complaint on grounds that his wrongful discharge claim previously had been considered by the Claims Court in Ferris I. We agree.
 
 
 6
 Contrary to Ferris' assertions, we conclude that the May 4, 1987, letter ruling does not constitute "new evidence" and does not provide an independent basis for a new action in the Claims Court. Accordingly, on the basis of the legal principles set forth in our opinion affirming the decision of the Claims Court in Ferris II, we hold that the Claims Court in Ferris III did not err by dismissing Ferris' complaint on grounds that Ferris' wrongful discharge claim previously had been considered by the Claims Court in Ferris I.